DAVID LEVBERG, Respondent, *v.* HENRY D. SCHUMACHER, Appellant.

*Labor Law* — provision that every vat and pan, the opening of which is below level of elbow of workman, shall be protected — such provision not applicable to a shallow trough set in ground and used for cooling red hot tires in a wagonmaker's shop.

The Labor Law (Cons. Laws, ch. 31, § 81, subd. 1) provides that every vat and pan wherever set so that the opening or top thereof is at a lower level than the elbow of the operator or operators at work about the same shall be protected as therein set forth. The complaint alleges that plaintiff was in the employ of the defendant at the shop and place of business of the defendant and that he and another workman were engaged in *cooling off in a trough* or hole full of water a red hot tire which had just been placed on a wheel; that in the course of the work of cooling off the tire the water in the trough would absorb the heat from the tire and would then become warmer and warmer and would be changed at intervals during the course of the work by adding cold water which was obtained from a sink near the trough; that while so engaged in his work he slipped and his left foot and leg went into the trough while it contained boiling hot water and he sustained the injuries for which he seeks to recover in this action. It is also alleged in the bill of particulars that by reason of the pipes being frozen it was impossible to obtain cold water. The defendant is a wagonmaker and maintains a shop in which he performs his work and in which plaintiff was employed. The trough is a wooden box set in the ground so that the top of it is even with the surrounding flag or brick floor. It has been maintained in the

same manner during the twenty-three years that the defendant has maintained his business at the place where the injury occurred. *Held*, that such a trough is not a vat or pan within the meaning of the statute, and that there is nothing obviously or inherently dangerous in this trough nor was such an accident reasonably to be anticipated.

 *Levberg* v. *Schumacher*, 173 App. Div. 640, reversed.

(Argued December 4, 1918; decided January 7, 1919.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 19, 1916, affirming a determination of the Appellate Term which affirmed a judgment of the City Court of the city of New York in favor of plaintiff entered upon a verdict.

 The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry Siegrist* and *Otto D. Parker* for appellant. The trough in question was not a " vat " or " pan," within the meaning of section 81 of the Labor Law. (2 Lewis' Suth. Stat. Const. [2d ed.] 751, § 393; Sedgwick on Stat. Const. [2d ed.] 221; Black on Interpretation of Laws, 134; *Jenkins* v. *Lafayette Box Board Co.*, 43 Ind. App. 463; *Bell* v. *P. & G. Mfg. Co.*, 152 App. Div. 434; *Rossiter* v. *Coopers' Glue Factory*, 149 App. Div. 752; 155 App. Div. 413.) The court erred in charging the jury that the failure to provide a railing was conclusive evidence of defendant's negligence. (*Wynkoop* v. *Ludlow Valve Mfg. Co.*, 196 N. Y. 324, 328; *Basel* v. *Ansonia Clock Co.*, 216 N. Y. 356; *Glens Falls Portland Cement Co.* v. *Travelers Ins. Co.*, 162 N. Y. 399; *Kimmerle* v. *Carey Printing Co.*, 144 App. Div. 714; *Campbell* v. *Kertscher & Co.*, 146 App. Div. 384; *Moskewict* v. *Allens Sons Rope Co.*, 153 App. Div. 376; *Scott* v. *International Paper Co.*, 204 N. Y. 49; *Gelder* v. *International Ore Treating Co.*, 150 App. Div. 184; *Kiernan* v. *Eidlitz*, 109 App. Div. 726; *Fluker* v. *Ziegle Brewing Co.*, 201 N. Y. 40.)

*Moses Feltenstein* and *Morris D. Reiss* for respondent. The contrivance in question was a vat or pan within the meaning of section 81 of the Labor Law. (*Bohnhoff* v. *Fischer,* 210 N. Y. 172; *Hudson Iron Co.* v. *Alger,* 54 N. Y. 173.) · The court correctly charged that the violation of section 81 of the act constituted negligence as a matter of law. (*Amberg* v. *Kinley,* 214 N. Y. 531; *Scott* v. *International Paper Co.,* 204 N. Y. 49.)

CHASE, J. This action is brought to recover damages for injuries sustained by reason of the alleged failure of the defendant to comply with section 81, subd. 1, of the Labor Law (Consolidated Laws, chap. 31). That section of the statute so far as applicable to this case provides: " * * * Every vat and pan wherever set so that the opening or top thereof is at a lower level than the elbow of the operator or operators at work about the same shall be protected by a cover · which shall be maintàined over the same while in use in such manner as effectually to prevent such operators or other persons falling therein or coming in contact with the contents thereof, except that where it is necessary to remove such cover while any such vat or pan is in use, such vat or pan shall be protected by an adequate railing around the same. * * * "

The complaint alleges that plaintiff was in the employ of the defendant " at the shop and place of business of the defendant " in New York city; that on a day named he " and another workman * * * were engaged in *cooling off in a trough* or hole full of water a red hot tire which had just been placed on a wheel; " that " in the course of said work of cooling off the tire, the water in the trough would absorb the heat from the tire and would then become warmer and warmer * * * the water in said trough after becoming warm would be changed at intervals during the course of the work by adding cold water which was obtained from a sink

right near the said 'trough," and that while so engaged in his work he slipped and his left foot and leg went into the trough while it contained boiling hot water and he sustained the injuries for which he seeks to recover in this action.

It is alleged in the bill of particulars that " the pipes leading to the sink mentioned in the complaint were frozen and permitted by the defendant to be so; so that it was impossible to obtain cold water from the sink and water had to be obtained from the engine which water was already warm when placed in the trough."

The defendant is a wagonmaker and maintains a shop in which he performs his work and in which plaintiff was employed. The trough is a wooden box set in the ground so that the top of it is even with the surrounding flag or brick floor. It has been maintained in the same manner during the twenty-three years that the defendant has maintained his business at the place where the injury occurred. The question is whether such a trough is a vat or pan within the meaning of the statute.

The purpose for which the trough or hole was maintained being to cool the heated iron tires, it was essential or at least desirable that the water therein should be cold, or as nearly so as it was practical to maintain it. This is recognized by the plaintiff as appears by his effort to show in his pleadings why the water at the time his foot slipped and entered the hole was hot enough to scald him. There is no evidence tending to show that the defendant was negligent in permitting the pipe leading to the sink near the trough to become or remain frozen, or that the plaintiff was in any way prevented from obtaining water only " somewhat warm " to renew the water in the trough from a point near the engine except that it was further away from the trough than the sink and required a greater effort to obtain it. It appears to have been the duty of the plaintiff to change the water

in the trough, but on the morning in question it had been used to cool eight or nine pair of tires without change. We do not think that the statute quoted was intended to include every receptacle about a shop used, as was the *trough or hole* in the floor, simply to hold *water for cooling purposes.*

The water in the trough was not dangerous to the operator or operators at work about the same unless it was allowed to get scalding hot through failure of the operator or operators to refill it with cold or " somewhat warm " water.

The statute is generally for the " protection of employees operating machinery," and in the part thereof quoted referring to vats and pans it is intended to prevent " operators or other persons falling therein or coming in contact with the contents thereof." No one seems ever to have referred to the trough in question as a vat or pan or realized that there was any danger in coming in contact with the contents thereof as ordinarily used. The words of the statute are used with their ordinary meaning and, although the Labor Law should be construed in view of the purpose for which it was enacted, it should not be extended to include things and acts not fairly within the meaning of the words thereof as used by the legislature. The statute was not, in our opinion, intended to include a trough containing water which, except for unusual circumstances quite independent of the use of the trough itself, is not in any way dangerous to the operator or persons required to work around it.

The words used in the statute as defined in the standard dictionaries have a limited meaning and they are confined to particular receptacles. If the purpose of the statute quoted was to compel the guarding of all receptacles general and more comprehensive words would have been used to express such intention.

The trial court in substance charged the jury that the

receptacle in the floor of the shop is included in the words "vat or pan" as used in the statute, and then further charged, "As a matter of law I charge you there can be no question of negligence on the part of the defendant; that the failure of the defendant to fulfill the statutory obligation must be accepted by you as negligence on his part and the plaintiff is entitled to your verdict," unless he was guilty of contributory negligence. The question of the plaintiff's contributory negligence was left to the jury.

The trial court held that the trough was a pan but not a vat. The Appellate Division erroneously stated that the trial court held that the trough was a vat within the meaning of the statute and then concurred in that holding. The uncertainty and difference of opinion in deciding how the words "vat or pan" can include so simple and harmless a contrivance as a blacksmith's trough for cooling heated irons is shown by what has been said by counsel and courts in this case. It emphasizes the wisdom of holding that the legislature did not intend by the statute that all receptacles containing liquids should come within its provisions.

It seems to us that the dissenting justices in the Appellate Division were right in holding that the trough was not a vat or pan and that "the means employed to cool the tire so as to shrink it on the wheel has been employed by blacksmiths from the earliest days. There is nothing obviously or inherently dangerous in this narrow, shallow trough nor was such an accident reasonably to be anticipated. Statutes are to be given a reasonable construction."

The judgment should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., COLLIN, CUDDEBACK and CRANE, JJ., concur; HOGAN, J., dissents; McLAUGHLIN, J., not sitting.

Judgment reversed, etc.