[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On September 22, 1995, the plaintiffs, David and Jean Jacobson (Jacobsons), who owned the subject property, filed a revised complaint as third party beneficiaries against the defendant-corporation, Environmental Risk Limited (ERL) for negligence and negligent misrepresentation. According to the amended complaint, the Jacobsons contracted with the Preferred Seat Manufacturing Company (Preferred) for the sale of real property (the Site). ERL was hired by Preferred to provide a subsurface report of the site as a condition precedent to the purchase. The Jacobsons allege that ERL negligently issued a false subsurface investigation report indicating hazardous levels of chromium, lead, arsenic and other metals in the soil which exceeded the drinking water standards of the Connecticut Department of Health and Addiction. Preferred's reliance on this erroneous report led to a modification of the purchase agreement to the Jacobsons' detriment.
ERL filed a Motion to Strike and/or Dismiss on October 19, 1995 countering that the Jacobsons; (1) failed to plead sufficient allegations for negligence or negligent misrepresentation in their amended complaint; (2) lacked standing to bring this action as third party beneficiaries and (3) are bound by the arbitration clause in the underlying contract and, thus, the court lacks subject matter jurisdiction. The Jacobsons filed an Objection to this Motion on November 1, 1995.
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Bouchard v. People's Bank, 219 Conn. 465, 468 n. 3, CT Page 1676594 A.2d 1 (1991). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." NovametrixMedical Systems. v. BOC Group Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegation would support a defense or a cause of action, the motion to strike must fail." Mingachosv. CBS Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
1. SUFFICIENCY OF PLEADINGS TO SUPPORT A CLAIM OF NEGLIGENCE/NEGLIGENTMISREPRESENTATION
"The existence of a duty of care is an essential element of negligence . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted.) Coburn v. Lenox HomesInc., 186 Conn. 370, 375, 441 A.2d 620 (1982). "The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide. . . . A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a `special relationship' between the plaintiff and the defendant." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994). "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised."(Citations omitted; internal quotation marks omitted.) Frankovitch v. Burton, 185 Conn. 14, 20-21,440 A.2d 254 (1981). "Foreseeability in this context is a flexible concept, and may be supported by reasonablereliance, impeding others who might seek to render aid, statutory duties, property ownership or other factors."(Citations omitted; emphasis added; internal quotation marks omitted ) Burns v. Board of Education,
supra, 228 Conn. 640, 647.
The Jacobsons assert that ERL had a duty of care to provide an accurate environmental assessment report under these circumstances. They contend that ERL knew or should have known that this report would be relied on by Preferred CT Page 1677 and that if improperly executed, would result in financial harm to the Jacobsons. As third party beneficiaries, the Jacobsons argue that a `special relationship' existed between themselves and ERL. ERL counters that the revised complaint fails to allege a cognizable duty.
In Williams Ford Inc. v. Hartford Courant Co.,232 Conn. 559, 657 A.2d 212 (1995), the court held that, "[t]his court has long recognized liability for negligent misrepresentation. We have held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. . . . The governing principles are set forth in similar terms in § 522 of the Restatement (Second) of Torts (1977): One who, in the course of his business, profession or employment . . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Citations omitted.) Id., 575.
The revised complaint alleges sufficient facts to establish that ERL provided false information that was reasonably relied on by Preferred. In Count One — Section Four of the revised complaint, the Jacobsons state, "On or about March 17, 1993 [ERL] entered into a written contract with the [Jacobsons] . . . to perform a Phase I Environmental Site Assessment of [the site] for the [Jacobsons]." Revised Complaint, p. 1.
This statement provides the court with sufficient information to conclude that ERL was, prior to the events that led to this action, in the business of selling information. "[Section] 552 applies to anyone who supplies information in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest" (Internal quotation marks omitted.) Id., 576.
Sections Five and Six of Count One allege that ERL "concluded from the Phase I . . . that further environmental investigation was warranted." Revised Complaint, p. 2. CT Page 1678
Sections Seven and Eight of Count One discuss the purchase/sale agreement with Preferred and state, "[p]ursuant to paragraph 10 of the Agreement, Preferred and the plaintiffs agreed that performance of an environmental site assessment by Preferred was a condition precedent of the Agreement." Revised Complaint, p 2.
Section Nine of Count One describes the agreement between Preferred and ERL whereby ERL agreed to perform the environmental assessment of the site for Preferred. While these statements speak, "to the issue of whether the reliance on the misstatements was justified rather than to the existence of a duty," Id., 579; they strongly suggest that ERL knew or should have known, having already evaluated the property, that their evaluation of the site would be relied upon by both Preferred and the Jacobsons.
To state a claim of negligent misrepresentation, the Jacobsons must "allege and prove that the reliance on the misstatement was justified or reasonable." Id. The court "has consistently held that reasonableness is a question of fact for the trier to determine based on all of the circumstances." Id., 579-80.
While the Jacobsons do not state that ERL was aware that their evaluation was a condition precedent to the sale, they do provide enough information to suggest that ERL knew or should have known that this information would be relied on and therefore had a duty to accurately report its findings. In Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660,613 A.2d 838 (1992), the court held that, "[a]lthough the complaint could have alleged the nature of the defendants' negligence more precisely, the lack of linguistic specificity does not warrant striking the second count. As the Appellate Court noted, under the rules of practice governing pleading, a party may plead legal effect as long as the pleading `fairly [apprises] the adverse party of the state of facts which it intended to prove.'" Id., 674
Accordingly, the Jacobsons have sufficiently pleaded facts which establish that there was a duty owed by ERL to compose a truthful and accurate assessment of the site and that this duty was breached CT Page 1679
2. SUFFICIENCY OF PLEADINGS TO SUPPORT A THIRD PARTY BENEFICIARYRELATIONSHIP
ERL argues that the Jacobsons have failed to establish in the pleadings that they are third party beneficiaries to the contract between ERL and Preferred. In Gateway v.DiNoia, 232 Conn. 223, 654 A.2d 342 (1994), the court held that, "[a] third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract the ultimate test to be applied in determining whether a person has a right of action as a third party beneficiary is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party beneficiary." (Citations omitted; internal quotation marks omitted.) Id., 230-31.
The Jacobsons have failed to demonstrate in their pleadings any evidence that the intent of ERL and Preferred was to create a direct obligation from ERL to the Jacobsons. Thus, they are not third party beneficiaries. However, Connecticut cases have held that the Jacobsons are not required to prove a third party beneficiary relationship or that a `special relationship' existed in order to bring a negligent misrepresentation claim. In Barry v. Posi-SealInternational Inc., 36 Conn. App. 1, 647 A.2d 1031 (1994), the court, citing § 552 held that, "the plaintiff need not prove that the representations made by the [defendant] were promissory. It is sufficient . . . that the representations contained false information" (Internal quotation marks omitted.) Id., 20.
Likewise in Williams Ford. Inc. v. Hartford CourantCo., supra, 232 Conn. 559, the court concluded that, "no special relationship is required to state a claim of negligent misrepresentation." Id, 579. The court held, "[a]lthough the reliance upon casual misstatements might not be reasonable in a given case, we are not persuaded that the absence of a special relationship between the parties is a justification for precluding a cause of action based on negligent misrepresentation in all cases involving casual misstatements." Id., 580.
ERL's reliance on the holding in Ultramares Corp. v.Touche, 225 N.Y. 170, 174 N.E. 441 (1931) to support the contention that in order for the Jacobsons to recover they CT Page 1680 must specifically demonstrate that ERL knew of their reliance on the report is misplaced. In Williams Ford Inc.v. Hartford Courant Co., supra, 232 Conn. 559, the court held, "In Ultramares Corp. v. Touche, 225 N.Y. 181, the court analyzed the class of persons to whom a duty was owed under principles of contract law. The court stated that "`[e]ven in that field, however, the remedy is narrower where the beneficiaries of the promise are indeterminate or general. Something more must then appear than an intention that the promise shall redound to the benefit of the public or to that of a class of indefinite extension. The promise must be such as to bespeak the assumption of a duty to make reparation directly to the individual members of the public if the benefit is lost.'"(Internal quotation marks omitted.) Id., 577. The special relationship with which the court was concerned was that which purportedly existed between the defendant and an indeterminate class of plaintiffs. The court concluded that liability for negligent misrepresentation could not attach in the facts of that case because "[n]o one would be likely to urge that there was a contractual relation, or even one approaching it, at the root of any duty that was owing from the defendants now before us to the indeterminate class of persons who, presently or in the future, might deal with the [defendant] in reliance on the audit" Id., 183. " Id., 577-78. The court further held, "[i]n this case, we need not decide whether the tort of negligent misrepresentation extends to an indeterminate class of people." Id., 578.
Under Connecticut law, a cause of action based on the tort of negligent misrepresentation brought by a determinate class of people is actionable whether or not the complaint specifically demonstrates a `third party relationship. ' According to the holding in Williams Ford Inc. v. HartfordCourant Co., the plaintiff need not demonstrate a `third party relationship' to the underlying contract. In order to defeat this motion, the plaintiff need only show that the defendant knew or should have known of the plaintiff's reliance and that the plaintiff's reliance was reasonable under the circumstances. "We have consistently held that reasonableness is a question of fact for the trier to determine based on all of the circumstances." Id., 580. Further, the court in D'Ulisse-Cupo v. Board of Directors ofN. D. H. S., 202 Conn. 206, 520 A.2d 217 (1987) held that, "[a]lthough numerous courts have quoted directly from the CT Page 1681 Restatement Second in describing the elements of an action for negligent misrepresentation, we have discovered no cases, nor have the defendants furnished any, in which a court has struck a claim for negligent misrepresentation merely because the complaint lacked such an allegation. . . . To the contrary, the case law in numerous jurisdictions suggests that courts liberally construe the pleadings in a way so as to sustain such a claim, particularly where the allegations in a complaint indicate, on their face, that a [defendant] failed to exercise reasonable care in making representations to a [plaintiff] on which the [plaintiff] relied to his detriment." Id., 219-20.
Accordingly, the plaintiff has demonstrated sufficient facts to defeat the motion to strike on these grounds.
3. STATUTE OF LIMITATIONS AND SUMMARY JUDGMENT CLAIM
ERL argues that the Jacobsons are barred from bringing this action due to a statute of limitations clause contained in the underlying contract. "In the present matter, the Preferred Contract states that `no legal action . . . shall be brought by the client against ERL more than one year after ERL has provided the report to the client.' Memorandum in Support, p. 6 However, the law is clear that, "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike . . . The advantage of the statute of limitations cannot be taken by a motion to strike . . .[T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." (Citation omitted; internal quotation marks omitted.) Forbes v. Ballaro, supra,31 Conn. App. 239.
There are only "[t]wo limited situations [where the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations and that, therefore, it is proper to raise that question by a motion to strike instead CT Page 1682 of by answer. The second is where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Citation omitted; internal quotation marks omitted.) Id., 239-40.
ERL argues that the Jacobsons' complaint sets forth all facts pertinent to the question of whether the action is barred by the statute of limitations. However, the Jacobsons are not bound by either the statute of limitations clause or the arbitration clause found in the underlying contract between ERL and Preferred as they are bringing an action based on tort, not contract theory. In Gateway v.DiNoia, 232 Conn. 223 (1994), the court held that, "[i]n determining the meaning and effect of the controverted language in the lease, the inquiry must focus on the intention expressed in the lease and not on what intention existed in the minds of the parties. . . . Although ordinarily the question of contractual intent presents a question of fact for the ultimate fact finder, where the language is clear and unambiguous it becomes a question of law for the court. . . . When the plain meaning and intent of the language is clear, a clause in a written lease cannot be enlarged where the terms of a writing are plain and unambiguous and it is to be given effect according to its language." (Citations omitted; internal quotation marks omitted ) Id., 231-32.
The underlying contract between ERL and Preferred intended to create a direct obligation between those parties in the event that a dispute arose as a result of the performance of that contract. According to Gateway v.DiNoia, that contract language cannot be extended to include claims which arose outside of the contract. No evidence was provided by ERL to demonstrate that the underlying contractual language regarding statutes of limitation and arbitration between ERL and Preferred was executed with an intention to extend to tort claims brought by third parties outside of their express agreement. Had the Jacobsons brought a breach of contract action based on privity of estate or privity of contract where they assumed all of the rights and obligations of Preferred, the Jacobsons would be bound under the terms of the contract. However, the CT Page 1683 Jacobsons' cause of action arises out of a tort claim, not breach of contract. There is no claim by the Jacobsons that the contract between ERL and Preferred was not properly performed or executed. Rather, the Jacobsons claim that in executing its duties under the contract, ERL committed a tort against them, causing the injury complained of in this action.
Accordingly, the plaintiffs are not precluded from bringing this cause of action based upon the statute of limitations clause found in the contract. Accordingly, the defendant's motion for summary judgment is denied.
Likewise, since the plaintiffs are not bound by the underlying contractual clauses, the court is not precluded from hearing this action in spite of the arbitration clause. Accordingly, the defendant's motion for summary judgment is denied.
M. Hennessey, J.